IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) | CASE NO.  1:04CV1626 |
|  | ) | (Consolidated Cases) |
| In Re: | ) |  |
|  | ) |  |
| FERRO CORPORATION | ) | Judge John M. Manos |
| DERIVATIVE LITIGATION | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) | **ORDER** |

On July 11, 2005, Thomas Auletta, Barbara Benscome, and Phillip Miller Trust (collectively, "Lead Plaintiffs") filed the above-captioned case against Ferro Corporation ("Ferro"), Ferro Vice President and Chief Financial Officer Thomas M. Gannon, Ferro Vice President of Performance Chemicals Dale G. Kramer, and the individual members of the Ferro Board of Directors:  Hector R. Ortino,[1] Michael H. Bulkin, Michael F. Mee, William J. Sharp, Alberto Weisser, Sandra Austin Crayton, Jennie S. Hwang, William B. Lawrence, Dennis W. Sullivan, and Padmasree Warrior, alleging violations of the Sarbanes-Oxley Act of 2002 and raising breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment claims.  The consolidated complaint also raises breach of contract, professional negligence, and accounting malpractice claims against KPMG, LLP ("KPMG").

On March 21, 2006, the Court dismissed this case because Lead Plaintiffs did not comply with the requirements of Fed. R. Civ. P. 23.1 and Ohio Civ. R. 23.1, nor did they sufficiently plead demand futility as required under Ohio law.  (Docket Nos. 43, 44.)

---

[1]  Hector R. Ortino died on November 28, 2005.  (Docket No. 39.)

On April 07, 2006, Lead Plaintiffs filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6). They are requesting the Court to (1) grant relief from its Order of Dismissal; (2) grant limited discovery on the issue of demand futility; and (3) grant leave to amend their consolidated complaint. (Docket No. 46-2.)

On April 24, 2006, Ferro filed a brief in opposition. (Docket No. 32.) On May 03, 2006, Lead Plaintiffs filed a reply. (Docket No. 50.)

All issues have been fully-briefed and are ripe for adjudication. For the following reasons, the Motion for Relief from Judgment (Docket No. 46) is **DENIED**.

## I. LAW AND ANALYSIS

As the Court has previously recognized, in a shareholder derivative action, a derivative plaintiff must first demand that the board of directors take the desired action prior to filing suit or set forth, with particularity, the reasons for not doing so. See (Docket No. 43, at 6-7); Fed. R. Civ. P. 23; Ohio Civ. R. 23.1; Weston v. Weston Paper & Mfg. Co., 74 Ohio St.3d 377, 379 (1996). Ohio law recognizes an exception to the pre-suit demand requirement "when the shareholder can demonstrate that the demand would have been futile." Drage v. P&G, 119 Ohio App.3d 19, 25 (1st App. Dist. 1997). In this context, "[f]utility means that the directors' minds are closed to argument and that they cannot properly exercise their business judgment in determining whether the suit should be filed." Id.

The Court has already held that Lead Plaintiffs did not comply with the requirements of Fed. R. Civ. P. 23.1 and Ohio Civ. R. 23.1, nor did they sufficiently plead demand futility. It is from this judgement that Lead Plaintiffs seek relief pursuant to Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b)(6). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances." See Gonzalez v. Crosby, 125 S. Ct. 2641, 2649 (2005); Johnson v. Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004).

Here, Lead Plaintiffs do not allege any extraordinary circumstances, let alone any changed circumstances, that would justify granting them relief from judgment. Instead, they turn the Court's attention to several inapposite decisions that stand for the proposition that courts should decide cases on the merits as opposed to mere pleading technicalities. Completely missing from their motion however, is any substantive discussion of Rule 23.1 and its applicable heightened pleading standard, which "serves the very important purpose of ensuring that before a shareholder derivative suit is brought, the company's board of directors has considered all possible intracorporate remedies." Grand Council of Ohio v. Owens, 86 Ohio App.3d 215, 221-22 (10th App. Dist. 1993) (quoting Smachlo v. Birkelo, 576 F. Supp. 1439, 1443 (D. Del. 1983)). Instead, Lead Plaintiffs want the Court to excuse the fact that they have not sufficiently plead demand futility, permit them to depose a member of the board of directors to determine if any such demand would be futile, and then permit them an opportunity to amend their complaint. Yet, they are unable to cite a single case that has granted such extraordinary relief.

In short, the Court is not persuaded that it should allow Lead Plaintiffs discovery and an opportunity to amend in order to satisfy the *pleading* requirements of Rule 23.1.

-3-

## II. CONCLUSION

For the foregoing reasons, the Motion for Relief from Judgment (Docket No. 46) is **DENIED**. This case remains dismissed, without prejudice.

**IT IS SO ORDERED.**

**Date: May 10, 2006**  */s/ John M. Manos*  
**UNITED STATES DISTRICT JUDGE**